# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MICHAEL R. COOPER,**

    **Plaintiff,**

    v.      Case No. 17-CV-1461

**LT. HULL,**
**RUMPEL, AND**
**JOHN AND JANE DOES,**

    **Defendants.**

## SCREENING ORDER

Plaintiff Michael R. Cooper, who is confined at the Milwaukee County Jail, is representing himself. He filed a complaint alleging that jail staff members failed to follow administrative procedures and provide due process of law. This matter comes before the court on Cooper's petition to proceed without prepayment of the filing fee (*in forma pauperis*) and to screen the complaint.

Cooper has paid an initial partial filing fee of $20.00. *See* 28 U.S.C. § 1915(b)(1). The court will grant his petition to proceed without prepayment of the filing fee and direct collection of the remainder of the filing fee as explained at the end of this order.

## Standard of Review for Screening Complaint

The court shall screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint's allegations "must be

enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by, first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

<u>Complaint's Allegations</u>

Cooper alleges that on April 25, 2017, he was placed on disciplinary status pending investigation of an altercation with another inmate. Lieutenant Murano (not a

3

defendant) allegedly informed Cooper that if he did not receive a violation report or hearing within 72 hours, he would be released from "discipline."

Cooper alleges that on April 29, 2017, he filed a grievance on defendant Lieutenant Hull for holding a violation hearing without cause and for failing to provide paperwork regarding the hearing or violation. Cooper states that on May 2, 2017, he sent a request to Lieutenant Hull regarding the failure to follow the rules of hearing and appeals but did not receive a response from Hull. Cooper alleges that on May 5, 2017, he sent another request to Hull for his failure to provide the required paperwork for a disciplinary hearing and appeal, but again did not receive a response from Hull.

Next, Cooper alleges that on April 26, 2017, he sent a request to a lieutenant asking that two phone numbers be placed on the phone call list. He states that on May 2, 2017, he filed a grievance regarding the jail's policy not allowing inmates to have stamps or make phone calls and "violating my constitutional rights by refusing me to correspond with family and my attorney." Cooper alleges that on May 21, 2017, he appealed the grievance.

Next, Cooper alleges that on May 6, 2017, he filed a grievance about staff using food as discipline while he was being disciplined for an infraction he never committed. Cooper alleges that he did not receive a response to his grievance.

Next, Cooper alleges that on September 6, 2017, he sent a letter of complaint/appeal to the jail commander with regard to the grievances that were not

responded to after appeal, "as it clearly states in the rule book." He states that he did not receive a response.

Cooper claims that he has continued to complain that the lieutenant, and staff are violating his administrative rights without providing him with due process of law. He states that staff prevented him from exhausting his administrative remedies by not providing any documents regarding the disciplinary violation or appeal. Cooper also claims that staff refused him the right to communicate via mail or phone with counsel or family, as provided by the Milwaukee County Jail administrative agency and the United States Constitution, but all grievances and requests were ignored.

For relief, as to Lieutenant Hull Cooper seeks a five-day suspension and punitive damages for the "reckless disregard for administrative procedure," failure to provide due process of law, and failure to protect Cooper's rights and punish him for misconduct. Cooper also seeks punitive damages against defendant Rumpel (who is not mentioned in the complaint) for failing to provide due process of law, violating administrative procedure, and failure to protect Cooper's constitutional rights. Cooper seeks punitive damages against Lt. John/Jane Doe for failing to provide due process of law and for violating administrative procedure. He also requests that each defendant be required to undergo a psychological evaluation, be retrained in administrative procedures, and that the defendants not be allowed to use food (nutra-loaf) as a means of punishment for detainees already being punished in segregation.

Discussion

Cooper complains mostly of jail staff members' failure to follow the jail's administrative rules by not responding to his grievances, appeals, and correspondence. However, failure to follow jail rules does not by itself state a claim under federal law. Prison procedures themselves are not substantive liberty or property interests that are protected by due process, *see Shango v. Jurich*, 681 F.2d 1091, 1100-01 (7th Cir. 1982), and a violation of state laws or regulations is not a basis for a federal civil rights suit, *see Guajardo-Palma v. Martinson*, 622 F.3d 801, 806 (7th Cir. 2010). That Cooper did not receive responses to his grievances, in and of itself, does not violate due process.

Although not entirely clear, Cooper may also be complaining about his disciplinary hearing, about not being allowed to contact his family and his attorney, and about the food he was served while on disciplinary status. If Cooper seeks to pursue these allegations he should provide more information, such as details about his disciplinary hearing, the outcome of the hearing, the length of any alleged deprivations, when they took place, who was involved, and why they took place. This information will help the court evaluate these allegations to see if Cooper states a claim.

If Cooper seeks to challenge a jail policy regarding these issues, he should name Milwaukee County as a defendant. And if Cooper names an individual as a defendant in the complaint caption (the top of the first page of the complaint), he should include allegations against that defendant in the complaint.

If Cooper wants to proceed, he must file an amended complaint curing the deficiencies in the original complaint as described herein. Such amended complaint must be filed on or before **December 22, 2017**, and must be filed on the enclosed form complaint. Failure to file an amended complaint within this time period may result in dismissal of this action.

The amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint."  The amended complaint replaces the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056-57 (7th Cir. 1998).  If Cooper files an amended complaint, the court will screen it pursuant to 28 U.S.C. § 1915A.

### ORDER

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed without prepayment of the filing fee (*in forma pauperis*) (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that on or before **December 22, 2017**, the plaintiff shall file an amended pleading curing the defects in the original complaint as described herein.

**IT IS FURTHER ORDERED** that the Clerk's Office mail the plaintiff a prisoner complaint form along with this order.

**IT IS FURTHER ORDERED** that the agency having custody of the plaintiff shall collect from his institution trust account the $330.00 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If the plaintiff is transferred to another institution (county, state, or federal), the transferring institution shall forward a copy of this order along with the plaintiff's remaining balance to the receiving institution.

**IT IS ALSO ORDERED** that a copy of this order be sent to the officer in charge of the agency where the plaintiff is confined. A copy should also be sent to Dennis Brand at the Milwaukee County Safety Building.

**IT IS FURTHER ORDERED** that the plaintiff shall submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 30th day of November, 2017.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge