# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MICHAEL R. COOPER,**

        **Plaintiff,**

        **v.**                                                 **Case No. 17-CV-1461**

**LT. HULL AND
LT. MONTANO,**

        **Defendants.**

# ORDER

Plaintiff Michael R. Cooper, who is confined at the Milwaukee County Jail, is representing himself. This matter is before the court to screen Cooper's amended complaint.

<u>Standard of Review for Screening Amendment Complaint</u>

The court shall screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon

which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a cognizable claim under the federal notice pleading system, Copoer is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Cooper need not plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by, first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-

pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, Cooper must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States, and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give Cooper's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## Amended Complaint's Allegations

Cooper claims that defendants Lieutenant Montano and Lieutenant Hull violated his rights under the Due Process Clause of the Fourteenth Amendment by failing to provide adequate procedural safeguards in connection with a disciplinary procedure. Cooper alleges that on April 25, 2017, Lieutenant Montano placed him in segregation pending investigation of an altercation with another inmate. Lieutenant Montano allegedly told Cooper that she was going to review the camera and, if he did not receive a violation report or hearing within 72 hours, he would be released from segregation.

Cooper alleges that on April 28, 2017, while still in segregation, Lieutenant Hull stated that he was going to hold Cooper's disciplinary hearing and asked, "what

3

happened." Cooper responded, "nothing happened if you checked the camera." Lieutenant Hull allegedly replied that "he believes his officer." Hull did not respond when Cooper asked what he was charged with. Cooper alleges that he told Lieutenant Hull that he had witnesses, but Hull did not respond.

On April 29, 2017, Cooper found out that he received twelve days discipline "without any proof, paperwork, or entitlement to call witnesses." Cooper alleges that he filed a grievance regarding Lieutenant Hull holding a violation hearing without providing any paperwork regarding the hearing or violation. Cooper alleges that he did not receive written notice of the charge or hearing, was not allowed to call witnesses, did not receive a copy of the hearing officer's decision, and was not provided with appeal paperwork.

For relief, Cooper seeks monetary damages. He also requests that each defendant be demoted in rank, undergo psychological evaluation, and be retrained in administrative procedure.

## Discussion

The court presumes that Cooper is a pretrial detainee because he is confined at the Milwaukee County Jail. And a pretrial detainee cannot be placed in segregation as a punishment for a disciplinary infraction without notice and an opportunity to be heard. *Higgs v. Carver*, 286 F.3d 437, 438 (7th Cir. 2002). Thus, Cooper may proceed on a

procedural due process claim based on his allegations that he was placed in segregation without notice and an opportunity to be heard.

**ORDER**

**IT IS THEREFORE ORDERED** that, pursuant to the informal service agreement between Milwaukee County and this court, copies of plaintiff's amended complaint and this order are being electronically sent today to Milwaukee County for service on the Milwaukee County defendants.

**IT IS ALSO ORDERED** that, pursuant to the informal service agreement between Milwaukee County and this court, the defendants shall file a responsive pleading to the complaint within sixty days of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

Dated at Milwaukee, Wisconsin this 16th day of January, 2018.

WILLIAM E. DUFFIN
U.S. Magistrate Judge