# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MICHAEL R. COOPER,

        **Plaintiff,**

  v.                                                 Case No. 17-CV-1461

**LIEUTENANT HAW AND
LIEUTENANT MONTANO,**

        **Defendants.**

## ORDER

Plaintiff Michael R. Cooper is a Wisconsin state prisoner representing himself. He alleged that the defendants violated his Fourteenth Amendment due process rights during disciplinary proceedings following a physical altercation with another inmate while he was housed at the Milwaukee County Jail. Both Cooper and the defendants moved for summary judgment. The court found that the undisputed facts supported judgment in the defendants' favor. Thus, the court denied Cooper's motion for summary judgment and granted the defendants' motion.

Cooper has timely filed a motion to alter the judgment under Rule 59(e). Relief under Rule 59(e) is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008). "Rule 59(e) allows a court to alter or amend a judgment only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence." *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th

Cir. 2008) (citing *Sigsworth v. City of Aurora*, 487 F.3d 506, 511-12 (7th Cir. 2007)). A manifest error "is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal citation and quotation marks omitted). Whether to grant a motion to amend judgment "is entrusted to the sound judgment of the district court." *In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996).

Cooper has not presented newly discovered evidence. Though he attached exhibits to his motion, neither is newly discovered. The first is a copy of the regulations governing discipline, entitled "Detention Services Bureau – Rules and Discipline IM4." (ECF No. 49-1 at 1–7.) The second is a page from the transcript of his deposition. (*Id.* at 8–9.) Both exhibits contain information available to Cooper at the time he moved for summary judgment and responded to the defendants' motion.

Therefore, to obtain relief under Rule 59(e), Cooper must show the court made a manifest error of law. In his motion Cooper reiterates that, as a pretrial detainee, he should have been afforded some procedural protections during the disciplinary process. First, he re-argues that the hearing officer, defendant Haw, was supposed to provide him with a copy of the disciplinary hearing decision. He cites to the "Rules and Discipline" exhibit. As already stated, Cooper's exhibit is not new evidence, so the court will not consider it. At summary judgment, the court only had the defendants' proposed findings of fact, which stated that the Classification

2

Department distributes hearing findings to inmates. There was no basis for finding Haw liable for failing to provide Cooper with a copy of his findings.

Second, Cooper reargues that he should have been allowed to call witnesses at his disciplinary proceeding. In its summary judgment decision, the court noted that Cooper told Haw he wanted to interview the whole pod that was present when the altercation took place. In his motion, Cooper states that, at his deposition, he identified one witness who could testify. But as the court stated in its decision, Cooper has not identified how witness testimony would have changed the outcome of the hearing. *See Piggie v.* Cotton, 244 F.3d 674, 677–78 *7th Cir. 2005) (applying harmless error doctrine to disciplinary proceedings); *Jackson v. Everett*, 2007 WL 1224609 (7th Cir. Apr. 24, 2009) (unpublished) (finding that a plaintiff could not show a deprivation of his due process rights when he could not show that his inability to call witnesses "operated to bar any relevant witnesses from testifying at his hearing"). That is still true. Cooper continues to complain that Haw did not allow him to call witnesses, but he does not explain how testimony from those witnesses would have changed the outcome.

Motions to alter or amend a judgment are not for rehashing previously-rejected arguments. *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir.2000). That is all Cooper has presented. The court denies his Rule 59(e) motion to alter or amend the judgment.

**IT IS THEREFORE ORDERED** that Cooper's motion to alter or amend the judgment (ECF No. 49) is **DENIED**.

Dated at Milwaukee, Wisconsin this 18th day of July, 2019.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge